<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TONGLU RISING SUN SHOES CO., LTD., | : : : : Civil Action No. 14-1634 (SRC)(CLW) |
| Plaintiff, | : : |
| v. | : OPINION : |
| NATURAL NINE (USA) CO., LTD., YI XIAN JIANG a.k.a. JOHN, and ZHAO HUI HUANG, et al. | : |
| Defendants. | |

**<u>CHESLER</u>**, District Judge

This matter comes before the Court upon the motion for summary judgment by Plaintiff Tonglu Rising Sun Shoes Co., Ltd. ("Tonglu") [Docket Entry 60] and the cross-motion for summary judgment by Defendants Natural Nine (USA) Co., Ltd. ("Natural Nine"), Yi Xian Jiang ("Jiang"), and Zhao Hui Huang ("Huang") [Docket Entry 68].[1] The parties have opposed one another's motions [Docket Entries 68 & 70]. The Court has considered the parties' submissions and held oral argument on October 13, 2016 [Docket Entry 71]. For the reasons set forth below, the Court will grant in part and deny in part Plaintiff's motion for summary judgment and will grant in part and deny in part Defendants' cross-motion for summary judgment.

---

[1] Defendants' initial motion for summary judgment [Docket Entry 54] was terminated.

1

I.  **BACKGROUND**

This case arises out of a dispute between Tonglu, a company based in China, and Natural Nine, a company based in Edison, New Jersey. (Compl. ¶¶ 2, 6). In the spring of 2013, Tonglu decided to purchase Natural Nine and the parties entered into a Sale and Purchase Agreement. (Compl. ¶6). This case revolves around the following provision in that agreement[2]:

> Party B [Natural Nine] warrants that the company purchased by Party A [Tonglu Rising Sun Shoes] is free of debt, both internally and externally. Mr. Yi Xian Jiang [the owner of Natural Nine] will be responsible for all debts from NATURAL NINE's (U.S.A.) previous business operations. Party B [Natural Nine] holds Party A [Tonglu Rising Sun Shoes] free and harmless of this debt.

(Jiang Cert., Ex. A. art II ¶ 1).

Tonglu claims that it relied on Natural Nine's statement that it was free of debt when it agreed to purchase Natural Nine. (Compl. ¶10). Later, however, Tonglu learned that Natural Nine actually had a significant amount of debt. (Compl. ¶ 8). Natural Nine owed its owners more than $500,000, and also had a loan from Cathay Bank secured by a mortgage on the owners' home, a line of credit of $60,000 in two banks, credit card obligations, a note payable to an individual named Shen Guang, and other debts. (Pl.'s Statement of Material Facts, Docket Entry 60-2, at ¶¶ 39-55 [hereinafter PSMF]; Pl.'s Mov. Br. at 7-9; Fan Dep. 15:17-27:21, 29:16-30:21). Tonglu argues that in total, Natural Nine's debt added up to over $1,000,000. (Pl.'s Rep. Br. at 5, 8).[3] Thus, Plaintiff brings suit against Defendants for breach of contract, fraudulent inducement, and unjust enrichment. (Compl. ¶¶ 13-23).

---

[2] The agreement was initially drafted in Chinese, but was translated into English and signed by both parties. (Pl.'s Statement of Material Facts, Docket Entry 60-2, at ¶¶ 179-180 [hereinafter PSMF]; Def.'s Cross-Mov. and Opp. Br. at 5).

[3] Plaintiff also argues that as soon as Tonglu agreed to purchase Natural Nine, Defendants began to operate a store called Jimmy Plush Toy, and they hid their assets and inventory in that company. (PSMF, Docket Entry 60-2, at ¶¶ 18-35; Pl.'s Mov. Br. at 4-7).

2

Defendants Natural Nine, and its owners, Jiang and Huang, counterclaim against Tonglu and bring a Third-Party Complaint against officers of Tonglu, Xiaosha Zhao ("Zhao") and Jason Tong ("Tong"). First, Defendants argue that Plaintiff and Third-Party Defendants never paid the agreed-upon purchase price. (Countercl. and Third-Party Compl. ¶¶ 5-7, 29). Defendants argue that if Plaintiff made any payment, it paid into a PNC bank account that was controlled by Tong, and thus Plaintiff did not actually pay the Defendants. (Def.'s Cross-Mov. and Opp. Br. at 3, 10). Next, Defendants claim that Plaintiff breached its employment agreement with Huang. (Countercl. and Third-Party Compl. ¶35). Defendants argue that Tong signed the employment contract, promising to employ Huang at Natural Nine for three years after the purchase, but then Plaintiff abandoned the business venture. (Countercl. and Third-Party Compl. ¶35). Defendants bring counterclaims for breach of contract, fraud, violation of the New Jersey Consumer Fraud Act, breach of covenant of good faith and fair dealing, and conversion. (Countercl. and Third-Party Compl. ¶¶ 50-84).

Now, Plaintiff moves for summary judgment on its Complaint and on Defendants' counterclaims. Defendants cross-move on the same.[4]

---

[4] Plaintiff argues that its statement of material facts is uncontested because Defendants fail to file a proper statement under Local Civil Rule 56.1(a). (Pl.'s Rep. Br. at 1-2). According to Local Rule 56.1, the opponent of a summary judgment motion is to submit a responsive statement of material facts that addresses each paragraph of the movant's statement, indicates each material fact it disputes, and cites to affidavits or other documents submitted in connection with the motion. L. Civ. R. 56.1(a). "[A]ny material fact not disputed shall be deemed undisputed for the purposes of the summary judgment motion." *Id.* Plaintiff is correct that Defendants fail to properly comply with Rule 56.1 because Defendants' statement of material facts does not respond to Plaintiff's. Additionally, in Defendants' statement of material facts, Defendants fail to properly cite to the record; Defendants do not indicate the page number or paragraph number that supports each of their statements and often do not even indicate which exhibit they are referencing. Because Defendants fail to provide a responsive statement of material facts that properly cites to the record in accordance with L. Civ. R. 56.1(a), the Court is entitled to deem all properly supported facts in Plaintiff's statement to be undisputed for purposes of the motion.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

In this case, both Plaintiff and Defendant have moved for summary judgment. The showing required of Plaintiff and Defendant to establish that there is no genuine issue of material fact differs based on which party bears the burden of proof at trial. "When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be

---

*See Cajeira v. Skrunda Navigation*, No. 09-4905, 2011 WL 5080301, at *1 (D.N.J. Oct. 26, 2011) (citing *Handron v. Sebelius,* 669 F.Supp.2d 490, 492 (D.N.J.2009)). Nevertheless, this Court has considered all of the evidence in the record, and with respect to Plaintiff's motion for summary judgment, treats all facts and inferences in the light most favorable to the Defendants.

discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring the nonmoving party to "set out specific facts showing a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

### III. ANALYSIS

#### a. PLAINTIFF'S FRAUDULENT INDUCEMENT CLAIM

Each party moves for summary judgment on Plaintiff's fraudulent inducement claim. If a party enters a contract after it was fraudulently induced to do so, the defrauded party has a choice

5

of rescinding or affirming the contract. *Daibo v. Kirsch*, 316 N.J. Super. 580, 588 (App. Div. 1998) (citing *Merchants Indem. Corp. v. Eggleston*, 37 N.J. 114, 130-31 (1962)). Importantly, "the defrauded party must thus elect which course he wishes to follow. He cannot pursue both." *Eggleston*, 37 N.J. at 130-31. If he chooses to affirm the contract, he keeps the consideration that he received and has a claim for money damages. *Id.* If he seeks rescission, he must return the consideration he received: "the measure of damages is the consideration paid and the moneys naturally expended on account of the purchase before the fraud was discovered." *Id.*; *Kvedar v. Shapiro*, 98 N.J.L. 225, 228 (1922). The aim of rescission is to return the parties to the *status quo ante* and to stop the party who made the misrepresentation from benefitting. *Bonnco Petrol, Inc. v. Epstein*, 115 N.J. 599, 612 (1989). Rescission is an equitable remedy that "voids the contract *ab initio,* meaning that it is considered 'null from the beginning' and treated as if it does not exist for any purpose." *First Am. Title Ins. Co. v. Lawson*, 177 N.J. 125, 136-37 (2003). Here, Tonglu seeks rescission. (Pl.'s Mov. Br. at 33) (stating that "the plaintiff has elected to rescind the contract based upon the fraud.").

In support of its fraudulent inducement claim, Tonglu cites the elements of common law fraud. (Pl.'s Mov. Br. at 30-31). But, when a plaintiff seeks only equitable remedies, such as rescission, the plaintiff needs to prove equitable fraud, which is a lesser burden than proving legal fraud. *See Jewish Ctr. of Sussex Cty. v. Whale*, 86 N.J. 619, 625 (1981) ("[W]hatever would be fraudulent at law will be so in equity; but the equitable doctrine goes farther and includes instances of fraudulent misrepresentations which do not exist in the law.") (internal citation omitted). Unlike a plaintiff claiming legal fraud, a plaintiff claiming equitable fraud does not need to prove the defendant's scienter in making the misrepresentation: "knowledge of its falsity and an intention to obtain an undue advantage therefrom" are irrelevant. *Daibo*, 316

6

N.J. Super. at 588 (App. Div. 1998). Rather, a plaintiff seeking rescission of a contract based on fraud in the inducement, must show by clear and convincing evidence: (1) a material misrepresentation of a presently existing or past fact; (2) the maker's intent that the other party rely on it; and (3) detrimental and reasonable reliance by the other party. *Jewish Ctr. of Sussex Cty.,* 86 N.J. at 626 n.1; *Daibo*, 316 N.J. Super. at 588. Here, Plaintiff shows all three elements with clear and convincing evidence.

i. **MATERIAL MISREPRESENTATION OF A PRESENTLY EXISTING FACT**

With respect to the first element, Defendants made a material misrepresentation of presently existing fact because they signed a contract, which stated that: "Party B [Natural Nine] warrants that the company purchased by Party A [Tonglu Rising Sun Shoes] is free of debt, both internally and externally," when Natural Nine was not free of debt. According to Plaintiff, Defendants' debt added up to $1,000,000, comprising of a loan from Natural Nine's owners of over $500,000, a loan from Cathay Bank secured by a mortgage on Jiang's and Huang's residence, a line of credit of $60,000 in two banks, credit card obligations, a note payable to Shen Guang, and more. (PSMF, at ¶¶ 39-55; Mov. Br. at 7-9; Fan Dep. 15:17-27:21, 29:16-30:21; Pl.'s Rep. Br. at 5, 8). The company's financial condition was clearly material to Tonglu because Tonglu was interested in purchasing Natural Nine. Thus, Plaintiff shows that Defendants materially misrepresented a presently existing fact.

Defendants argue that the relevant contract provision is not a misrepresentation because when it is read in context, it implies that Natural Nine will be free of debt once closing takes place, not that Natural Nine was free of debt at the time of contracting. (Def.'s Cross-Mov. and Opp. Br. at 11). Defendants point the court to the full paragraph in the contract, which states:

Party B [Natural Nine] warrants that the company purchased by Party A [Tonglu Rising

7

>Sun Shoes] is free of debt, both internally and externally. Mr. Yi Xian Jiang will be responsible for all debts from NATURAL NINE's (U.S.A.) previous business operations. Party B [Natural Nine] holds Party A [Tonglu Rising Sun Shoes] free and harmless of this debt.

(Jiang Cert., Ex. A. art II ¶ 1). Defendants argue that the language of the provision indicates that Defendants intended to pay off any debt by the time the deal closed, and therefore it was not a misrepresentation. (Def.'s Cross-Mov. and Opp. Br. at 11).[5]

The Court does not find Defendants' argument persuasive. The contract states that "the company purchased by Party A [Tonglu Rising Sun Shoes] *is* free of debt" in the present tense. The fact that there are additional assurances in three separate sentences only emphasizes that Natural Nine represented that Tonglu would not acquire a company that was full of debt. Thus, this Court finds clear and convincing evidence that Defendants misrepresented a material fact.

### ii. MAKER'S INTENT THAT THE OTHER PARTY RELY ON THE MISREPRESENTATION

Next, Plaintiff satisfies its burden of showing the second element that Defendants made the misrepresentation so that Plaintiff would enter into the purchase agreement. The fact that Defendants included this statement and additional assurances in the writing of the contract itself shows that that it was a binding statement on the parties, and Defendants intended Plaintiff to rely on it. Defendants do not present any evidence or arguments to the contrary.

---

[5] At Oral Argument, Defendants also argued that their statement in the contract was not a representation because they used the term "warrant" rather than "represent." (Oral Arg., Oct. 13, 2016). But, according to the plain meaning of the contract, "Party B [Natural Nine] warrants that the company purchased by Party A [Tonglu Rising Sun Shoes] is free of debt" introduces a statement of the presently existing fact that Natural Nine is debt-free. The word "warrant" does not change that this was a representation made by Natural Nine that induced Tonglu to enter the agreement.

### iii. DETRIMENTAL AND REASONABLE RELIANCE

Finally, Plaintiff is able to show that it detrimentally and reasonably relied on Natural Nine's statement. Plaintiff relied to his detriment because Plaintiff spent money and incurred costs to take over a business in the United States, when it was not the business venture it anticipated. (Compl. ¶10; Pl.'s Mov. Br. at 32). Plaintiff's reliance was also reasonable because it was entitled to accept Natural Nine's representation that it was free of debt.

Under New Jersey law, a party's reliance is generally reasonable even if it accepts the other party's representations as true without further inquiry. *In re House of Drugs, Inc.,* 251 B.R. 206, 211 (Bankr. D.N.J. 2000) (explaining that a party to an arm's length transaction does not generally have an affirmative duty of inquiry.). Therefore, "[o]ne who engages in fraud [. . .] may not urge that one's victim should have been more circumspect or astute." *Jewish Ctr. of Sussex*, 86 N.J. at 626 n.1 (citing *Pioneer Nat'l Title Ins. Co. v. Lucas*, 155 N.J. Super. 332, 342 (App. Div.)). "[I]f a party to whom representations are made nevertheless chooses to investigate the relevant state of facts for [it]self, [it] will be charged with knowledge of whatever [it] could have discovered by a reasonable investigation." *Dare Investments, LLC v. Chicago Title Ins. Co.*, No. 10-6088, 2011 WL 2600594, at *7 (D.N.J. June 29, 2011) (citing *DSK Enters., Inc. v. United Jersey Bank,* 189 N.J.Super. 242, 251 (App.Div.1983)); *see also Berman v. Gurwicz,* 189 N.J.Super. 89, 102-03 (Ch. Div. 1981) (holding that reliance on a misrepresentation was not reasonable when plaintiffs were represented by counsel who "made or should have made an independent investigation of the facts.").

Defendants argue that it was not reasonable for Plaintiff to rely on the statement's literal meaning, because every business has some debt. (Def.'s Cross-Mov. and Opp. Br. at 12). They argue that every business must incur expenses and pay taxes and thus, some debt is obvious.

(Def.'s Cross-Mov. and Opp. Br. at 12). Defendants cite a California case, *Seeger v. Odell*, for the idea that a party to a contract cannot "put faith in representations which are preposterous, or which are shown by facts within his observation to be so patently and obviously false that he must have closed his eyes to avoid discovery of the truth." 18 Cal. 2d 409, 415 (1941). Defendants claim that because Plaintiff was aware of Natural Nine's sales tax liability, payroll, and payments of some loans and suppliers, Plaintiff should have known that Natural Nine was not completely debt-free. (Def.'s Cross-Mov. and Opp. Br. at 12-13).

Defendants' argument fails, however, because Plaintiff had no affirmative duty to investigate whether the company was free of debt and was entitled to accept Natural Nine's representations. Defendants admit that neither party was represented by counsel when the contract was entered into, and thus no counsel was expected to investigate either. (Def.'s Cross-Mov. and Opp. Br., at 3) ("There were no attorneys involved in the transaction at the time when the Contract was entered."). There is no record of Plaintiff ever inspecting Natural Nine's books and records before signing the contract to confirm that Natural Nine was debt-free. (Oral Arg., Oct. 13, 2016). Even if Plaintiff should have known that the company needed to pay for some expenses and taxes, Plaintiff had no reason to know that the company had such large loans to pay back.

The non-binding California case that Defendants cite does not even support their own position. There, the Supreme Court of California stated that "[t]he fact that an investigation would have revealed the falsity of the misrepresentation will not alone bar [. . .] recovery . . ." *Seeger*, 18 Cal. 2d at 414-15. Ultimately, the court found that even if plaintiffs' failure to investigate the representation was negligent, "the misrepresentation is not such that its falsity must have been so obvious to the plaintiffs as to preclude any justifiable reliance thereon by

them." *Id.* at 415.  Thus, according to the California standard that Defendants cite, even if Plaintiff was negligent in not investigating Defendants' representation that it was debt-free, Plaintiff's reliance could have still been justifiable.  Moreover, according to the relevant New Jersey standard, Plaintiff's reliance was reasonable because it was entitled to rely on Natural Nine's representation, and Defendants cannot now claim that Plaintiff should have been more circumspect or astute.  In turn, Defendants' argument fails and Plaintiff successfully shows that it relied reasonably and detrimentally on Natural Nine's representation.

### iv. RIGHT TO RESCISSION

In conclusion, because Plaintiff shows equitable fraud in the inducement by clear and convincing evidence and Defendants fail to present any actual evidence that creates a genuine issue of material fact for trial, Plaintiff is entitled to a rescission of the contract on summary judgment.  Plaintiff asks for equitable relief to put it in the same position as it was in before entering the contract.[6]  (Oral Arg., Oct. 13, 2016; Pl.'s Mov. Br. at 32).  However, this Court concludes that there are still substantial questions of fact regarding the calculation of the equitable relief.  Thus, this Court will not resolve what exactly the equitable relief should be on summary judgment.

### b. PLAINTIFF'S BREACH OF CONTRACT CLAIM

In the Complaint, Plaintiff alleges that Defendants breached the contract by failing to turn

---

[6] Defendants argue that Plaintiff is barred from equitable relief because Plaintiff has "unclean hands" and exhibited bad faith. (Def.'s Cross-Mov. and Opp. Br. at 15-23).  According to Defendants, Plaintiff never actually intended to run the business and Plaintiff only agreed buy the business to fabricate that it was conducting business in the United States so that its officers could obtain permanent residency in the United States. (Def.'s Cross-Mov. and Opp. Br. at 15-23).  Plaintiff's motivations are unproven and irrelevant, considering that Defendants materially misrepresented the financial condition of their business to induce Plaintiff into purchasing the business.

11

over their customer and asset information, provide assistance to Tonglu's personnel to obtain U.S. documents, conduct an inventory check, and prepare legal documents. (Compl. ¶ 11). These obligations were all specifically included in the Sale and Purchase Agreement. (Compl. ¶ 11). But, since Plaintiff has elected to rescind the contract, it cannot bring a breach of contract claim. Therefore, this Court grants summary judgment for Defendants on Plaintiff's breach of contract claim and denies Plaintiff's motion for summary judgment on the same claim. This Court enters judgment in favor of Defendants on Plaintiff's breach of contract claim.

### c. PLAINTIFF'S UNJUST ENRICHMENT CLAIM

Plaintiff claims that Defendants were unjustly enriched after they fraudulently induced Plaintiff to enter into the Sale and Purchase Agreement. (Compl. ¶ 21). Plaintiff's unjust enrichment claim is, however, duplicative because Plaintiff has elected a recessionary remedy for its fraudulent inducement claim. This Court therefore grants summary judgment for Defendants on Plaintiff's unjust enrichment claim and denies Plaintiff's summary judgment motion on the same. The Court enters judgment on Plaintiff's unjust enrichment claim in favor of Defendants.

### d. DEFENDANTS' BREACH OF CONTRACT COUNTERCLAIM

The Court next considers the cross-motions for summary judgment on Defendants' counterclaims. First, Defendants counterclaim that Plaintiff breached the contract. Defendants have two theories for their breach of contract counterclaim. Defendants' first claim is that by not paying the agreed-upon purchase price for the business, Plaintiff breached the contract. (Countercl. and Third-Party Compl. ¶¶ 5-7, 29). Defendants argue that if Plaintiff made any payments, it paid into an account controlled by Tong, and thus it did not actually pay Defendants. (Def.'s Cross-Mov. and Opp. Br. at 10). But, because the contract has been rescinded, Plaintiff's compliance with the terms of payment in the contract is irrelevant.

12

Therefore, this Court denies Defendants' motion for summary judgment on the breach of contract counterclaim and grants Plaintiff's motion for summary judgment on the same counterclaim.

Defendants' second argument is that Plaintiff breached the contract by not complying with Huang's employment agreement. (Countercl. and Third-Party Compl. ¶¶ 35-36). In the Sale and Purchase Agreement, the parties agreed that Natural Nine would employ Huang after the purchase of the company. (Jiang Cert., Ex. A. art I ¶ 4, art II ¶ 8). Defendants argue that Tong also signed an independent document that served as Huang's employment agreement. (Countercl. and Third-Party Compl. ¶35). This Court finds, however, that because Plaintiff was fraudulently induced into entering the Sale and Purchase Agreement, it was fraudulently induced into entering the resulting employment agreement. Therefore, despite Defendants' arguments, this Court enters judgment in Plaintiff's favor on Defendants' breach of contract counterclaim.

e. **DEFENDANTS' FRAUD, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, AND CONVERSION COUNTERCLAIMS**

Defendants next bring counterclaims for fraud, violating the New Jersey Consumer Fraud Act, breach of the covenant of good faith and fair dealing, and conversion. Defendants base all of these counterclaims on the fact that Plaintiff began running Natural Nine, but then abandoned the business. (Countercl. and Third-Party Compl. ¶¶ 55-64). Defendants, however, cannot argue that Plaintiff wrongfully abandoned the business because Defendants fraudulently induced Plaintiff to enter into the agreement in the first place. Thus, this Court grants Plaintiff's motion for summary judgment on Defendants' counterclaims and denies Defendants' cross-motion on its

counterclaims.  This Court enters judgment on Defendants' counterclaims in favor of Tonglu.[7]

### IV. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Plaintiff's motion for summary judgment and grant in part and deny in part Defendants' cross-motion for summary judgment.  An appropriate Order will be filed herewith.

    s/ Stanley R. Chesler

STANLEY R. CHESLER

United States District Judge

Dated:  December 20, 2016

---

[7] In Defendants' cross-motion for summary judgment, they request that the Court enter a default judgment against Tong for an amount specified in their motion because of Tong's failure to respond or otherwise plea and the clerk's previous entry of default.  (Def.'s Cross-Mov. and Opp. Br. at 2).  Nevertheless, Tonglu's original motion for summary judgment did not discuss Tong's liability or the entry of default.  A cross-motion must be "related to the subject matter of the original motion."  L. Civ. R. 7.1(h).  Therefore, this Court does not address Defendants' request within their cross-motion.  Additionally, Plaintiff, in its reply brief, asks the Court to set aside the entry of default against Tong for "good cause" because Tong was served while appearing for a deposition.  (Pl.'s Rep. Br. at 21).  The Court does not consider this new argument raised in a reply brief for the first time because the opponent had no opportunity to address the new argument.  *Worrall v. City of Atl. City*, No. 11-3750, 2014 WL 980575, at *5 (D.N.J. Mar. 13, 2014) (quoting *D'Alessandro v. Bugler Tobacco Co.*, No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007)).